

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED
2018 NOV -9 PM 2: 25

DEPUTY CLERK VVC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY | § § § § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | |
| ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY, LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE and LEIGH ANNE MAHONE, | | Case No. 4:18-cv-00832-A |
| Defendants | | |

**ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, <u>AND OTHER EQUITABLE RELIEF</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Oryx Oilfield Holdings, LLC, Kodiak Trenching and Boring, LLC, Kodiak Rental and Supply LLC, Kodiak Testing, LLC, Oryx Oilfield Services, LLC, Kodiak Excavation and Utilities, LLC, Matthew J. Mahone and Leigh Anne Mahone, Defendants in the above titled and numbered cause (collectively "Defendants"), and hereby file this Answer and Affirmative

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,AND OTHER EQUITABLE RELIEF – PAGE 1

5150667.1

Defenses to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Other Equitable Relief.

## ANSWER TO ORIGINAL COMPLAINT

Defendants deny all allegations herein except to the extent such allegations are specifically and expressly admitted or otherwise addressed by this answer.

## I.
## PARTIES

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

## II.
## JURISDICTION

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

## III.
## VENUE

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,AND OTHER EQUITABLE RELIEF – PAGE 2

5150667.1

# IV.
# FACTS

12.     Defendants aver that the document attached to the Complaint as Exhibit A speaks for itself and deny any interpretation of said document contrary to its plain meaning interpreted in accordance with applicable law. Defendants deny the remainder of the allegations in Paragraph 12 of the Complaint.

13.     Defendants aver that the document attached to the Complaint as Exhibit B speaks for itself and deny any interpretation of said document contrary to its plain meaning interpreted in accordance with applicable law. Defendants deny the remainder of the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit that Plaintiff issued certain payment and performance bonds for certain construction projects that named Kodiak Trenching and Boring, LLC or Kodiak Excavation and Utilities, LLC as principal. Defendants deny the remainder of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit that a request for financial assistance was made to Hanover, at Hanover's direction in early fall of 2017. Defendants deny the remainder of the allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that KTB and KEU executed certain letters of direction at the direction of Hanover and aver that said letters speak for themselves. Defendants admit that a special account was established. Defendants deny the remainder of the allegations in Paragraph 16 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 3

5150667.1

17. Defendants aver that the letters of direction, and the document attached to the Complaint as Exhibit C, speak for themselves. Defendants deny the remainder of the allegations in Paragraph 17 of the Complaint.

18. Defendants aver that the documents referenced in Paragraph 18 of the Complaint and attached to the Complaint as Exhibit D speak for themselves. Defendants deny the remainder of the allegations in Paragraph 18 of the Complaint and aver that Plaintiff Hanover made and oral promises and assurances that it would in fact provide financial assistance to KTB and KEU.

19. Defendants admit that Hanover made certain payments to certain subcontractors, suppliers or vendors using funds that KTB and KEU earned for their respective performances on certain projects pursuant to Hanover's obligations on bonds they issued to KTB and KEU. Defendants are without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 19 of the Complaint and therefore deny the same.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants aver that the document referenced, and language quoted, in Paragraph 21 of the Complaint speaks for itself, and Defendants deny any interpretation of said document and said language that is contrary to its plain and ordinary meaning interpreted in accordance with applicable law.

22. Defendants admit that Hanover has made certain demand upon certain Defendants and aver that the demand is without merit. Defendants deny the remainder of the allegations in Paragraph 22 of the Complaint.

23. Defendants aver that the document referenced in Paragraph 23 of the Complaint and attached as Exhibit E to the Complaint speaks for itself. Defendants admit that the document

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 4

5150667.1

was sent to the City of North Richland Hills. Defendants deny the remainder of the allegations in Paragraph 23 of the Complaint.

24. Defendants aver that the document referenced in Paragraph 24 of the Complaint and attached as Exhibit F to the Complaint speaks for itself. Defendants admit that the document was sent to the City of North Richland Hills. Defendants deny the remainder of the allegations in Paragraph 24 of the Complaint.

25. Defendants aver that the document referenced in Paragraph 25 of the Complaint and attached as Exhibit G to the Complaint speaks for itself. Defendants deny the remainder of the allegations in Paragraph 25 of the Complaint.

26. The claim in Paragraph 26 of the Complaint that consent was required is a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore deny the same.

27. Defendants admit that KTB received certain payments from the City on or about October 4, 2018 in the amounts of $1,525,208.01 and $786,925.41. The claim in Paragraph 27 that the payments were in violation of the letter of direction is a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without knowledge or information sufficient to form a belief about when and how Plaintiff Hanover received knowledge of the payments and thus Defendants deny the same. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. Defendants aver that the document referenced in Paragraph 28 of the Complaint and attached as Exhibit H to the Complaint speaks for itself. Defendants admit they have not

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 5

5150667.1

transferred the funds into the special account and deny the remainder of the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. The statements contained in Paragraph 30 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

## V.
## RESPONSE APPLICATION FOR TEMPORARY RESTRAINING ORDER

31. In response to paragraph 31 of the Complaint, Defendants reallege their answers to paragraphs 1 through 30 of the Complaint.

32. The statements in Paragraph 32 of the Complaint are not factual allegations but requests for relief and thus no response is required. To the extent a response a required, Defendants deny the allegations.

33. The statements in Paragraph 33 of the Complaint are not factual allegations but legal conclusions and thus no response is required. To the extent a response a required, Defendants deny the allegations.

34. The statements in Paragraph 34 of the Complaint are not factual allegations but legal conclusions and thus no response is required. To the extent a response a required, Defendants deny the allegations.

35. Defendants aver that the documents referenced in Paragraph 35 of the Complaint speak for themselves. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions and argument for which no response is required, to an extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 43 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 7

5150667.1

44. Paragraph 44 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 48 of the Complaint.

49. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore deny the same.

50. In response to paragraph 50 of the Complaint, Defendants reallege their answers to paragraphs 1 through 49 of the Complaint.

51. Paragraph 51 of the Complaint contains legal conclusions and argument for which no response is required. To the extent a response is required to such allegations, the allegations are denied. Defendants deny all factual allegations in Paragraph 51 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 8

5150667.1

# VI.
## SPECIFIC TERMS OF TEMPORARY RESTRAINING ORDER

52. The statements in Paragraph 52 of the Complaint are not factual allegations but requests for relief and thus no response is required. To the extent a response a required, Defendants deny the allegations.

# VII.
## CAUSES OF ACTION

### COUNT ONE
### MONEY HAD AND RECEIVED

53. In response to paragraph 53 of the Complaint, Defendants reallege their answers to paragraphs 1 through 52 of the Complaint.

54. Defendants are without knowledge or information sufficient to form a belief about the truth of whether Hanover was induced or what induced Hanover and, therefore, Defendants deny the allegations in Paragraph 54 of the Complaint relating to the same. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and therefore deny the same.

58. Paragraph 58 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 9

5150667.1

## COUNT TWO
## BREACH OF INDEMNITY AGREEMENT

59. In response to paragraph 59 of the Complaint, Defendants reallege their answers to paragraphs 1 through 58 of the Complaint.

60. Defendants aver that the document referenced in Paragraph 60 of Plaintiff's Complaint speaks for itself. Further, the statements made in Paragraph 60 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. The statements made in Paragraph 61 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. The statements made in Paragraph 62 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. The statements made in Paragraph 63 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

## COUNT THREE
## COMMON LAW INDEMNIFICATION

64. In response to paragraph 64 of the Complaint, Defendants reallege their answers to paragraphs 1 through 63 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 10

5150667.1

66. The statements made in Paragraph 66 of the Complaint are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. The statements made in Paragraph 67 of the Complaint are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67 of the Complaint and aver that Plaintiff Hanover is not entitled to indemnity from Defendants.

## COUNT FOUR
## BREACH OF FIDUCIARY DUTY

68. In response to paragraph 68 of the Complaint, Defendants reallege their answers to paragraphs 1 through 67 of the Complaint.

69. Defendants aver that the document referenced in Paragraph 69 of Plaintiff's Complaint speaks for itself. Further, the statements made in Paragraph 69 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

70. The statements made in Paragraph 70 of the Complaint are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

## COUNT FIVE
## EXONERATION

71. In response to paragraph 71 of the Complaint, Defendants reallege their answers to paragraphs 1 through 70 of the Complaint.

72. The statements made in Paragraph 72 of the Complaint are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

## COUNT SIX
## ATTORNEY'S FEES

73. In response to paragraph 73 of the Complaint, Defendants reallege their answers to paragraphs 1 through 72 of the Complaint.

74. The statements made in Paragraph 74 of the Complaint are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

75. The statements made in Paragraph 75 of the Complaint are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

## COUNT SEVEN
## COSTS AND INTEREST

76. In response to paragraph 76 of the Complaint, Defendants reallege their answers to paragraphs 1 through 75 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 12

5150667.1

77. The statements made in Paragraph 77 of the Complaint are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77 of the Complaint.

## VII.
## APPLICATION FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

78. In response to paragraph 78 of the Complaint, Defendants reallege their answers to paragraphs 1 through 77 of the Complaint.

79. The statements in Paragraph 79 of the Complaint are not factual allegations but requests for relief and thus no response is required. To the extent a response a required, Defendants deny the allegations.

## HANOVER IS ENTITLED TO A PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

80. Paragraph 80 of the Complaint does not contain any factual allegations and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. The statements made in Paragraph 83 are not factual allegations but are legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 13

5150667.1

84. Paragraph 84 of the Complaint contains only legal conclusions and argument for which no response is required. To an extent a response is required, Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 14

5150667.1

91. Paragraph 91 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint contains only legal conclusions and argument for which no response is required. To an extent a response is required, Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint contains only legal conclusions and argument for which no response is required. To an extent a response is required, Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint contains only legal conclusions and argument for which no response is required. To an extent a response is required, Defendants deny the allegations in Paragraph 97 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 15

5150667.1

98. Paragraph 98 of the Complaint contains only legal conclusions and argument for which no response is required. To an extent a response is required, Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint contains only legal conclusions and argument for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 and therefore deny the same.

102. In response to paragraph 102 of the Complaint, Defendants reallege their answers to paragraphs 1 through 77 of the Complaint.

103. The allegations in Paragraph 103 of the Complaint are not factual allegations but requests for relief and thus no response is required. To the extent a response a required, Defendants deny the allegations in Paragraph 103 of the Complaint.

104. The allegations in Paragraph 104 of the Complaint are not factual allegations but requests for relief and thus no response is required. To the extent a response a required, Defendants deny the allegations in Paragraph 104 of the Complaint.

105. In response to paragraph 105 of the Complaint, Defendants reallege their answers to paragraphs 1 through 104 of the Complaint.

106. Defendants aver that the document referenced in, and the language quoted in, Paragraph 106 of the Complaint speaks for itself. Further, Paragraph 106 contains legal

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 16

5150667.1

conclusions and statements of ultimate facts to be proved for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint contains only legal conclusions and argument for which no response is required. To an extent a response is required, the allegations in Paragraph 107 of the Complaint are denied.

108. In response to paragraph 108 of the Complaint, Defendants reallege their answers to paragraphs 1 through 107 of the Complaint.

109. Paragraph 109 of the Complaint contains only legal conclusions and argument for which no response is required. To an extent a response is required, the allegations in Paragraph 109 of the Complaint are denied.

110. In response to paragraph 110 of the Complaint, Defendants reallege their answers to paragraphs 1 through 110 of the Complaint.

111. Defendants aver that the document referenced in Paragraph 111 of Plaintiff's Complaint speaks for itself. Further, the statements made in Paragraph 111 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Defendants aver that the document referenced in Paragraph 112 of Plaintiff's Complaint speaks for itself. Further, the statements made in Paragraph 112 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112 of the Complaint.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 17

5150667.1

113. In response to paragraph 113 of the Complaint, Defendants reallege their answers to paragraphs 1 through 112 of the Complaint.

114. Defendants aver that the document referenced in Paragraph 114 of Plaintiff's Complaint speaks for itself. Further, the statements made in Paragraph 114 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114 of the Complaint.

## VIII.
## SPECIFIC TERMS OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF SOUGHT

115. The statements made in Paragraph 115 of the Complaint are not factual allegations but requests for relief and thus no response is required. To the extent a response a required, Defendants deny the allegations in Paragraph 115 of the Complaint.

## IX.
## CONDITIONS PRECEDENT

116. The statements made in Paragraph 116 are not factual allegations but are legal conclusions and statements of ultimate facts to be proved and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116 of the Complaint.

## X.
## AFFIRMATIVE DEFENSES

117. Plaintiff's claims fail in whole or in part because Plaintiff issued certain bonds without authority, and without the knowledge and consent of, the applicable Defendant named as principal on the bond.

118. Plaintiff's claims fail in whole or in part because of a failure and/or lack of consideration for the letter agreements and other documents

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 18

5150667.1

119. Plaintiff's claims fail in whole or in part because Plaintiff committed a prior material breach of an agreement by, *inter alia*, Plaintiff's failure to provide financial assistance to Kodiak Trenching and Boring, LLC and Kodiak Excavation and Utilities, LLC in accordance with their agreement.

120. Plaintiff's claims fail in whole or in part because the letters of direction and other documents Plaintiff alleges Defendants breached were obtained through fraud.

121. Plaintiff's claims fail in whole or in part because the letters of direction and other documents Plaintiff alleges Defendants breached are the product of unilateral mistake.

122. Plaintiff's claims fail in whole or in part because the letters of direction and other documents Plaintiff alleges Defendants breached are the product of mutual mistake.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request final judgment that Plaintiff take nothing by its claims, that Defendant be awarded its fees and costs and any further relief to which it may show itself entitled.

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 19

5150667.1

Dated: 11/9/18

Respectfully submitted,

By: /s/ Russell E. Jumper
J.P. B. VOGEL
State Bar No. 24039910
jpvogel@grayreed.com
GENE R. BESEN
State Bar No. 24045491
gbesen@grayreed.com
RUSSELL E. JUMPER
State Bar No. 24050168
rjumper@grayreed.com

GRAY REED & MCGRAW LLP
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone (214) 954-4135
Facsimile (214) 953-1332

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on November 9, 2018, I filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Texas via hand-delivery and served a copy of the document to all counsel of record via email transmission pursuant to the Federal Rules of Civil Procedure:

*VIA EMAIL TRANSMISSION*
*Christopher.Ward@clarkhillstrasburger.com*
Christopher R. Ward
Clark Hill Strasburger
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034

/s/ Russell E. Jumper
Russell E. Jumper

ANSWER OF DEFENDANTS ORYX OILFIELD HOLDINGS, LLC, KODIAK TRENCHING AND BORING, LLC, KODIAK RENTAL AND SUPPLY LLC, KODIAK TESTING, LLC, ORYX OILFIELD SERVICES, LLC, KODIAK EXCAVATION AND UTILITIES, LLC, MATTHEW J. MAHONE AND LEIGH ANNE MAHONE TO HANOVER'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF – PAGE 20

5150667.1