IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-832-A |
| | § | |
| ORYX OILFIELD HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Oryx Oilfield Holdings, LLC, Kodiak Trenching and Boring, LLC, Kodiak Rental and Supply, LLC, Kodiak Testing, LLC, Oryx Oilfield Services, LLC, Kodiak Excavation and Utilities, LLC, Matthew J. Mahone, and Leigh Anne Mahone, for partial summary judgment. The court, having considered the motion, the response of plaintiff, The Hanover Insurance Company, the reply, the record, and applicable authorities, finds that the motion should be denied.

I.

Plaintiff's Claims

The operative pleading is plaintiff's second amended complaint filed October 30, 2019. Doc.[1] 88. In it, plaintiff alleges:

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

Plaintiff and defendants entered into a general agreement of indemnity as consideration for the issuance of certain surety bonds by plaintiff on behalf of defendants. Doc. 88 ¶¶ 12-13. Plaintiff issued numerous bonds on behalf of defendants. Id. ¶ 14. In addition, it paid numerous subcontractors, suppliers, and other vendors on projects in excess of $5,178,753.96. Id. ¶¶ 20, 21. Despite demand, defendants have failed to comply with the indemnity agreement. Id. ¶ 23.

Plaintiff sues for breach of the indemnity agreement (Count One), breach of fiduciary duty (Count Two), exoneration (Count Three), and fraud (Count Four). In addition, plaintiff seeks to recover attorneys' fees and costs, and to obtain an accounting and specific performance of the indemnity agreement.

II.

Grounds of Defendants' Motion

Defendants assert several grounds in support of their motion. Doc. 71. However, all but one are moot as the second amended complaint omitted certain claims addressed in the motion. The only ground of the motion that remains to be decided is whether plaintiff can establish its claim for breach of fiduciary duty. Doc. 93 at 1-2.

III.

Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

To establish a claim for breach of fiduciary duty, plaintiff must show: (1) a fiduciary relationship between plaintiff and defendants, (2) breach of the fiduciary duty by defendants, and

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

(3) injury to plaintiff as a result of the breach. Navigant Consulting, Inc. v. Wilkinson, 508 F.3d 277, 283 (5th Cir. 2007). Defendants maintain that plaintiff cannot establish the first element, existence of a fiduciary relationship.

Texas recognizes two types of fiduciary relationships, formal and informal. Navigant, 508 F.3d at 283. Formal relationships arise as a matter of law, for example, between attorney and client, principal and agent, and joint venturers. Id. The relationship between surety and principal is not a fiduciary relationship. Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667, 674 (Tex. 1998); Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 287-88 (Tex. 1998). Informal fiduciary relationships may arise where one person trusts and relies on the other, but in a business context, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the lawsuit. Associated Indem., 964 S.W.2d at 288; Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 177 (Tex. 1997).

In this case, plaintiff alleges that the fiduciary relationship was established by paragraph 7 of the indemnity agreement, titled "Trust Funds," which provides:

> The Indemnitors hereby expressly declare, covenant and agree that all funds due or to become due under any contract secured by a Bond, whether in the possession of any Principal, Indemnitors, or another, are held in

5

trust for the benefit of the Surety and for payment of
all persons to whom the Indemnitors incur obligations
in the completion of said contract and to whom the
Surety is or may become obligated under a Bond. The
trust shall inure for the benefit of the Surety for any
liability or loss under any Bonds, and this Agreement
shall constitute notice of such trust. In the event of
Default and upon demand of the Surety, the Indemnitors
shall, open an account or separate accounts with a bank
or similar depository designated by the bond principal
and approved by the Surety, which account or separate
accounts shall be designated as a trust account or
trust accounts for the deposit of such trust funds, and
shall deposit therein all monies received pursuant to
such bonded contract. Withdrawals from such accounts
shall be by check or similar instrument signed by the
Principal and countersigned by a representative of the
Surety. Said trust or trusts shall terminate on the
payment by the Indemnitors of all of the obligations
for the payment of which the trust or trusts are hereby
created, or upon the expiration of twenty (20) years
from the date hereof, whichever shall first occur.

Doc. 89 at APP. 7.

A fiduciary duty is an extraordinary one and is not lightly created. Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n, 624 F.3d 185, 195 (5th Cir. 2010). A court cannot impose a trust where the parties have contemplated another relationship. Chapman Children's Trust v. Porter & Hedges, L.L.P., 32 S.W.3d 429, 438 (Tex. App.-Houston [14th Dist.] 2000, pet. denied); Spiritas v. Robinowitz, 544 S.W.2d 710, 715 (Tex. Civ. App.-Dallas 1976, writ ref'd n.r.e.). The intent of the parties is to be determined from the four corners of the instrument. The Episcopal Church v. Salazar, 547 S.W.3d 353, 420 (Tex. App.-Fort Worth 2018, pet. granted).

6

Here, paragraph 7 of the indemnity agreement clearly reflects the intent to create a trust, as it identifies defendants as settlor, plaintiff as beneficiary, and the funds due or to become due under any contract secured by a bond as the res. See Tex. Prop. Code Ann. § 111.004 (West 2014); Tex. Prop. Code Ann. § 112.001 (West 2014)(a trust may be created by a property owner's declaration that the owner holds the property as trustee for another person). Specifically, defendants agree to hold certain property "in trust" for plaintiff. As a matter of law, a trustee owes a fiduciary duty to the trust beneficiary. Huie v. DeShazo, 922 S.W.2d 920, 923 (Tex. 1996).

V.

Order

The court ORDERS that defendants' motion for partial summary judgment be, and is hereby, denied.

SIGNED November 22, 2019.

_____
JOHN McBRYDE
United States District Judge